[No. 3702. Dec. 4, 1931.]

BALL et al. v. UNITED STATES COPPER CO. et al.

[6 P. (2d) 192.]

W. B. Walton, of Silver City, for appellants.

Wilson & Woodbury, of Silver City, for appellee.

OPINION OF THE COURT

BICKLEY, C. J.

Appellees have moved that appellant be required to file a perfect and complete transcript of the record and proceedings in this cause, and, in default thereof, that the judgment of the district court be affirmed.

The transcript now on file is claimed to be imperfect in the following particulars:

That appellees' exhibits numbered 24 to 31 are not copied into said transcript or made a part thereof, nor has any statement of their existence or substance, with so much of their contents as shall be necessary to a proper presentation of the point at issue, been agreed upon by the parties or settled by the trial judge and included in the record in lieu of said exhibits in full as contemplated by section 13 of rule X.

That said exhibits so omitted are not exhibits which are important only as to the fact of their existence or as to portions of their subject-matter or as establishing a negative, but are a necessary part of the record to determine the points herein at issue.

That the record proper is incomplete, in that there were 57 papers filed with the clerk, and that there are incorporated in the record now on file only 20 thereof, and that appellant has omitted 37 of the papers regularly filed with the clerk of the trial court herein.

That appellant has wholly failed to comply with the provisions of section 4 of rule XI.

That plaintiffs made timely objection to the settling of the reporter's transcript as now filed as a bill of exceptions, and called attention of the trial court to the omission of said exhibits and the failure of appellant to comply with section 4 of rule XI.

That the trial court in its order settling the reporter's transcript as a bill of exceptions wholly failed to comply with or recognize section 13 of rule X, and section 4 of rule XI, and permitted appellant to exclude and omit such exhibits without the filing of the praecipe or incorporation into the record of a statement, as contemplated by said rules.

Appellant answers under oath to the following effect:

That the motion and transcript of record show on their face that exhibits 24 to 32, inclusive, are voluminous, impossible of production, except by means of photostatic copies, the cost of which would be prohibitive, and that they are important only as to their existence, and have no bearing on any question to be raised on appeal, as their value is purely evidentiary and tend only to corroborate other evidence introduced, and any question to be raised, on which such exhibits could have a bearing, is supported by material evidence and cannot be reviewed by the Supreme Court on appeal, as has been many times determined by the court.

Further answering appellant says appellees have failed to point out in said motion, and failed to point out to the trial court at the time of the signing and settling of the bill of exceptions herein, wherein any of the said exhibits could or would have a bearing upon any question to be raised on appeal.

That appellant has elected and chosen to eliminate such exhibits on his statement that the same had no bearing upon the appeal, and is therefore precluded from raising any question on appeal on which the same might and could have any bearing, and the appellees cannot be anywise prejudiced thereby; that the exhibits omitted are long and voluminous and the cost of reproducing same would be very large; that the appellant is without funds,

largely on account of the present litigation; that to reproduce said records in typewriting would cost at least $500, and much more if photostatic copies were made, and such expense is not justified, especially in view of the fact that they are wholly immaterial to any issue to be raised on appeal; that the appellees raised the same issues now raised by the motion at the time of the signing and settling of the bill of exceptions herein, and wholly failed to show to the court wherein any of such exhibits were or could be material, or to point out any part thereof which would be material, or to request the court to find any facts contained therein which would be material, and failed to request of the appellant to agree on any statement of fact contained in such exhibits necessary for a proper presentation of any point at issue on appeal, and failed to ask the trial court to settle any such statement of fact or portion of the contents of such exhibits to be included in the record.

That the matter was fully presented to the trial court at the time of the settling and signing of the bill of exceptions on the motion and objection of the attorneys for appellees, and the question being before the court, the court found that "the said exhibits are voluminous and important only as to the fact of their existence, and the court not being advised that any part thereof, or if any part thereof, what part thereof, is necessary to a proper determination of any point at issue on said appeal."

That the certificate of the clerk of the trial court, attached to the motion, shows that no pleadings or papers filed with the trial court in the course of the said action material to the determination of any questions on appeal have been omitted, but that all necessary pleadings and filings for a presentation and determination of all questions which might be raised on appeal have been included in the transcript.

Appellant concludes his answer by praying that he be not required to reproduce such voluminous exhibits, and that appellees be required to point out what facts shown by the exhibits they desire before the court upon appeal, and give the appellant the opportunity to agree thereto,

and, if the court shall deem advisable, that the original exhibits be ordered filed with the Supreme Court to be available on such appeal.

A decision of the matter is to be determined by our rules. The hardship which might be entailed upon appellants to supplement a transcript containing now over a thousand pages perhaps has no bearing on the situation, because, if it is true that such additional matter is necessary to enable the court to properly review the case, then it should be ordered if our rules require it.

We approach a consideration of the questions presented in the spirit enjoined upon us by our rules of appellate procedure, discoverable by an examination of the whole thereof and the reasons for their adoption. The rules having an immediate bearing on the questions involved are: Rules X, sections 1, 4, 8, 9, 12, 13, 14, and 15; rule XI, sections 4 and 5; rule XIV, section 3.

For convenience, we quote in full such portions thereof as we deem important.

Rule X, section 1:

"The appellant in case of appeal, and the plaintiff in error in case of writ of error shall file in the office of the clerk of the Supreme Court, on or before the return day of any appeal or writ of error, as perfect and complete a transcript of the record and proceedings in the case as shall be necessary to enable the court to properly review it together with two copies thereof. If he fails to do so the appellee or defendant in error may produce and file in the Supreme Court at any time after such return day, a written or printed transcript containing the judgment, order, decision or conviction appealed from, and the order allowing the appeal therefrom, and in case of a writ of error, a certificate showing the suing out of said writ of error, together with a certificate of the clerk of the Supreme Court, showing that no transcript has been filed by the appellant or plaintiff in error in said cause in the Supreme Court, and may upon five days notice to the opposite party, move the court to docket said cause and affirm said judgment, order, decision or conviction. Upon the hearing of such motion the court may either affirm such judgment, order, decision or conviction, or permit the appellant or plaintiff in error, as the case may be, to perfect such appeal or writ of error upon such terms as may seem proper to the court."

Section 4:

"In all causes, whether called for by the praecipe or not, the transcript of record shall contain a copy of the judgment, order, decision or conviction appealed from, the opinion of the court be-

low when filed, the praecipe for record, and, in cases of appeal, the order granting the appeal, if not incorporated in the judgment or decree appealed from."

Section 8 provides for certain omissions, unless the praecipe shall direct that the record be not abbreviated in the manner provided. Section 9 provides for further omissions. Section 12 requires the incorporation of copies of original papers or exhibits in a cause, even though it is considered that such original papers and exhibits should be inspected by this court.

Section 13 is as follows:

"Voluminous exhibits and exhibits which are important only as to the fact of their existence, or as to portions of their subject matter, or as establishing a negative, shall not be included in full in the record, unless the trial judge otherwise orders; but a statement of their existence or substance, with so much of their contents as shall be necessary to a proper presentation of the point at issue shall be agreed upon by the parties, or settled by the trial judge, and included in the record in lieu of exhibits in full."

Sections 14 and 15 are as follows:

"14. Certiorari for diminution of the record may be issued of the court's own motion, for the correction, completion, perfecting or recertification of the record. The writ may also be awarded on the written motion of a party, showing good cause, and verified by affidavits, unless the facts set up as cause be admitted. The court may, in its discretion, deny such motion in case of neglect or unreasonable laches of the moving party. Such terms may be imposed and such costs taxed or awarded to the opposite party as the court may deem just, whether the writ be issued on the court's motion or on motion of a party."

"15. When an appeal or writ of error has been granted, the trial court shall retain jurisdiction of the cause for the purpose of hearing. motions suggesting a diminution or correction of the record of the trial court, and of acting thereon."

Section 4 of rule XI provides:

"If the appellant or plaintiff in error desires to take up less than the entire record, he shall file in the office of the clerk of the district court a praecipe setting forth the questions he desires to have reviewed, and calling for those portions of the record and proceedings he deems necessary for such review, and he shall serve opposing counsel with a true copy of the praecipe so filed within five days after filing the praecipe in the office of said clerk; and upon receipt of said praecipe the attorney for the appellee or defendant in error may file a supplemental praecipe to include such portions of the record and proceedings which may have been omitted from the praecipe for the appellant or plaintiff

in error, as he may deem necessary for the proper review of such questions, and in the event the matters included in the supplemental praecipe shall be deemed by the Supreme Court unnecessary for a proper review of the case, the cost of the record and proceedings included in the supplemental praecipe shall be taxed against appellee or defendant in error. If no supplemental praecipe is filed by the appellee or defendant in error within fifteen days from the date of the filing of the praecipe for the appellant or plaintiff in error, then the appellee or defendant in error shall be deemed to have consented to the record as made up by the appellant or plaintiff in error on the praecipe first filed.

\* \* \* \* \* \*

"Supplemental praecipes and certiorari for diminution of the record shall be allowed in any cause at the discretion of the court and in furtherance of justice."

Section 5 of rule XI authorizes an agreed statement of the case and of the facts proven to be made a part of the record proper in lieu of a bill of exceptions; such agreed statement to be approved and certified by the judge.

Section 3 of rule XIV is as follows:

"No motion to dismiss an appeal or writ of error, strike a bill of exceptions or otherwise dispose of any cause except upon its merits, where such motion is based upon other than jurisdictional grounds, will be granted except upon a showing satisfactory to the court, of prejudice to the moving party, or that the ends of justice require the granting thereof. No such motion will be entertained unless filed before the movant has filed his brief on the merits."

In State ex rel. Tax Commission v. Faircloth, 34 N. M. 61, 277 P. 30, Mr. Justice Catron said:

"Chapter 43, Laws 1917, commonly known as the Appellate Procedure Act, prescribed each step to be taken in the perfecting of an appeal or writ of error. The provisions of the act were rather drastic, and resulted in many technical motions being filed in this court to dismiss appeals and thereby defeat a review on the merits. This court was compelled to adhere strictly to the act and former decisions construing same in passing upon such motions, and in many cases an appeal or writ of error was dismissed, notwithstanding the merit of the questions presented. In order to overcome this condition and give this court more latitude, the Legislature, at the request of the bar of this state, by chapter 93, Laws 1927, repealed practically all of the procedural provisions of chapter 43, Laws 1917."

In Farmers' Cotton Finance Corp. v. Green, 34 N. M. 206, 279 P. 562, we decided:

"The failure of appellant bringing up less than the entire record to comply with section 4 of Rule XI, by setting forth the questions he desires to have reviewed, does not result in dismissal of

the appeal in view of other provisions of said rule and of section 3 of Rule XIV. Relief is afforded appellee by certiorari for diminution of the record to supply the omissions deemed necessary to a review of the questions presented in appellant's brief on the merits."

In that case, the motion to dismiss was made after appellant had filed his brief in chief. Appellee's counsel referred to that brief as having been served upon him, and as assigning errors. Even in the light of such assignments of errors, we stated that we were unable to determine whether the portions of the record said to be omitted would be prejudicial to appellee. This decision was followed in Robinson v. T. D. Neal Merc. Co. et al., 34 N. M. 436, 283 P. 52, the court saying:

"Finally, appellees contend that it appears from the face of the transcript herein that it contains less than the entire record and that no praecipe was served upon their attorney as required by section 4, rule 11. If this be true, it affords no ground to question jurisdiction, but appellees have their remedy under the provisions of section 14, rule 10, by the terms of which they may take steps to compel appellant to correct any omissions or deficiencies in the record."

In Alexander Hamilton Institute v. Smith 33 N. M. 631, 274 P. 51, a motion to dismiss was filed by appellee based upon the proposition that the praecipe for the transcript of record calls for a partial record, and the praecipe contains no statement of the questions sought to be reviewed. Appellee invoked section 4 of rule XI, and cited in support of his contention decisions of this court construing section 32 and other portions of chapter 43, Laws 1917, known as the Appellate Procedure Act. We called attention to the fact that these provisions of the Appellate Procedure Act had been repealed, and that the repealed provisions had been superseded by rules of this court. We said:

"The changes and additions result in liberalizing the procedure. For instance, certain limitations upon the allowance of certiorari for diminution of the record imposed in sections 33 and 34 of chapter 43, Laws of 1917, have been removed by the repeal of those sections, and the adoption of rule 10, and particularly section 14, thereof. Also by section 3 of rule 14, it is provided: [Quoting] Thus, we are invested with a discretion we did not enjoy when the cases cited supra were decided."

The basic question for decision is:

"If the sufficiency of· the transcript of the record is challenged and appellant has not proceeded under Rule 11, section 4, what is the duty of this court with respect to the disposition of the appeal?"

Before our present rules were adopted, it was the view that section 31 of chapter 57, Laws 1907, and its successor, section 32 of chapter 43, Laws 1917, were mandatory, and, in case the transcript presented appeared to embrace less than the entire record there was nothing for this court to consider, and the appeal should be dismissed, if said section had not been complied with.

If section 4 of rule XI is mandatory as affording the only means of presenting less than the entire record, then if appellant has presented a partial transcript, which is challenged upon this ground, we are confronted with a defect, which precludes the exercise of our power of review until the defect is remedied.

This court acquires power to review a cause on appeal by virtue of the filing in this court of a transcript of the record and proceedings or a portion thereof, prepared in substantial compliance with our rules.

If appellant fails to file any transcript, we may dismiss the appeal; the power to dismiss not being inconsistent with lack of power to decide the cause. If appellant fails to file any transcript, and appellee produces and files a transcript containing the judgment, order, decision, or conviction appealed from, and the order allowing appeal therefrom, our power to affirm the judgment, order, decision, or conviction attaches.

The question now here for decision is whether we· have power to consider the merits of the cause upon a transcript filed by appellant but alleged by appellee to be deficient, in that it omits portions of the record and proceedings other than those portions of the record required by section 4 of rule X to be contained "in all causes, whether called for by the praecipe or not," and no attempt has been made by appellant to comply with section 4 of rule XI, and assuming that the parties fail to take advantage of the rules to perfect the transcript.

It is apparent from the provisions of section 1 of rule X that if appellant has failed to file any transcript, dismissal or affirmance does not necessarily follow, but appellant may be permitted to perfect his appeal upon such terms as may seem proper to the court. If appellant has filed a transcript containing less than the entire record, it may be completed and perfected under section 14 of rule X.

The question arises where, as in the case at bar, the appellant disclaims any desire to bring up omitted portions of the record, declaring his desire to stand upon the transcript presented, and appellee does not request the privilege of bringing up the omitted portions, but asks that the appellant be required to bring them up, or that else we affirm the judgment. In such case, if section 4 of rule XI is mandatory, our course should be to affirm the judgment without examination of the transcript further than to discover that it contains matters essential to our jurisdiction under section 4 of rule X, and that section 4 of rule XI has not been complied with. At this point we are confronted with section 3 of rule 14. Thereby we say we will not dispose of any cause except on its merits, where the attack upon the proceedings is based upon other than jurisdictional grounds, except upon a showing of prejudice to the moving party, or that the ends of justice require the granting thereof. The moving party in the case at bar does not attempt to show prejudice from the omissions, except to say that some of them are necessary to determine the points at issue. As to some of them (the exhibits), the trial court in settling the bill of exceptions found in effect that appellee is not prejudiced by the omissions. As we understand his argument, he asserts that the appellant, not having proceeded under section 4 of rule XI, must be required to have on file here a complete and perfect transcript of all of the record and proceedings, regardless of the bearing or importance of the omitted portions. Appellee in the case at bar does not move to dismiss the appeal, but to affirm the judgment of the trial court in the event the appellant shall not, if so directed, file a supplemental transcript containing the omitted portions of the record.

We do not think a compliance with section 4 of rule XI is mandatory. It may be that the requirement of said rule that appellant file a praecipe setting forth the questions he desires to have reviewed, and calling for those portions of the record and proceedings he deems necessary for such review, would be a guide to the judge settling a bill of exceptions or in approving and certifying an agreed statement authorized by section 5 of rule XI, but that it is not designed solely or mainly for that purpose is manifest. It is required that appellant filing such a praecipe shall serve opposing counsel with a true copy of the praecipe so filed, and that upon the receipt of said praecipe the attorney for appellee may file a supplemental praecipe to include such portions of the record and proceedings which may have been omitted from the praecipe for the appellant as he may deem necessary for the proper review of such questions. This is primarily for the guidance of the attorney for appellee, and, in cases not involving a bill of exceptions or an agreed statement in lieu thereof, the judge of the district court is not required to participate in determining the sufficiency of the record called for by the parties, nor to approve or certify the same; so in such cases it is apparent that the praecipe provided for in section 4 of rule XI is designed mainly, if not solely, for the information and guidance of appellee.

The Supreme Court of Appeals of Virginia had before it a similar situation in Mears v. Dexter, 86 Va. 828, 11 S. E. 539 (1890). The court said:

"The first question to be considered is, has this court jurisdiction of the case? Its jurisdiction is denied by the defendant in error because the transcript of the record is not accompanied by a certificate of the clerk of the circuit court stating that notice of the intention to apply for the transcript was given, as required by section 3457 of the Code. That section provides that the person intending to apply for a transcript of the record, with a view to applying for an appeal or writ of error, 'shall notify the opposite party or his counsel, if either reside in this state, of his intention, and no clerk of any court shall make out and deliver such transcript unless it is made to appear that such notice was given. A certificate of the clerk, stating the fact,' it is further provided 'shall in every case accompany the transcript when presented to an appellate court or judge.' We are of opinion, however, that these provisions of the statute are directory merely, and hence not designed as a limitation of the jurisdiction of the appellate court. The statute, although it requires a certificate that notice was given,

does not declare that if such certificate is not given the transcript shall be void, or that the appellate court or judge shall not take cognizance of the case; and, if such had been the intention of the legislature, it would doubtless have been expressed in clear and unmistakable terms. The object of the legislature, as is evident from the preceding part of the section, was to require the transcript to contain so much, and so much only, of the case as to enable the appellate court or judge to intelligently pass upon it; and the provisions just quoted were simply in furtherance of that object. In other words, they prescribe rules for the guidance of the clerk and parties in making up the record which ought to be followed, but observance of which is not made essential either to the validity of the transcript, or the jurisdiction of the appellate court. This is made more manifest from the sections immediately following. Thus, section 3458 provides that in no case shall certain specified portions of the record be copied into the transcript unless the clerk is specially directed in writing so to do. And by section 3459 it is provided that, where the parties or their counsel cannot agree what shall be copied, the question may be referred to the judge of the court in which the case was decided, by whose instructions in the matter the clerk shall be governed."

It is apparent that the notice to appellee required under the Virginia statute was similar in purpose to the notice to appellee required by section 4 of our rule XI. The Virginia court cites texts and decisions in support of its conclusions, which would seem equally applicable as applied to section 4 of rule XI, particularly when considered in connection with other rules. It is to be noted that the Virginia statute was mandatory in form. The decision in Mears v. Dexter was followed in Norfolk, etc., R. Co. v. Dunnaway, 93 Va. 29, 24 S. E. 698, the court further remarking that, since the earlier decisions, litigants may have been presenting their cases for the appellate court under the impression that strict compliance with the requirements of that statute was not absolutely essential to their right of appeal and that to hold that the statute was mandatory and dismiss all appeals in which such provisions of the statute had not been complied with might work great injustice. The same might be said as to litigants who may have been presenting their cases to this court in view of our pronouncements in State ex rel. State Tax Commission v. Faircloth, supra; Farmers' Cotton Finance Corp. v. Green, supra; Robinson v. T. D. Neal Merc. Co., supra; and Alexander Hamilton Institute v. Smith, supra.

In those cases, we did not regard compliance with section 4 of rule XI as vital.

We hold that the portion of section 4 of rule XI which declares that if an appellant or plaintiff in error desires to take up less than the entire record, he shall file in the office of the clerk of the district court a praecipe setting forth the questions he desires to have reviewed, while wise and salutary, is not mandatory. We desire to say, however, that this court welcomes the efforts of counsel to shorten the record. The process authorized by section 4 of rule XI is not resorted to as much as it should be to facilitate review and economize for litigants. It is a further advantage to all concerned that this rule should be followed, because compliance with it sets at rest the troublesome question of whether the transcript filed here is "as perfect and complete a transcript of the record and proceedings in the case as shall be necessary to enable the court to properly review it."

As we have said many times, upon a doubtful or deficient record, every presumption is indulged in favor of the correctness and regularity of the decision of the trial court. It is the duty of counsel for appellant to avoid these deadly presumptions, and rule XI, section 4, affords a means of avoiding them.

We have before us a transcript which appellant declares is in full compliance with section 1 of rule X.

We think it proper to advert to the objections made by appellees to the present transcript. So far as the exhibits introduced in evidence are concerned, it appears that the certificate of the trial judge to the bill of exceptions is unsatisfactory. There is a recital that:

"The said exhibits are important only as to the fact of their existence."

This is followed by language however, which seems to indicate that it was the duty of appellees to point out what if any part of said exhibits "is necessary to a proper determination of any point at issue on said appeal." Viewing the matter as we do, where section 4 of rule XI is

not followed by appellant, he is not relieved of any of the burden which is upon him to present "as perfect and complete a transcript of the record and proceedings in the case as shall be necessary to enable the court to properly review it."

In Baca v. Unknown Heirs, 20 N. M. 1, 146 P. 945, 947, Ann. Cas. 1918C, 612, this court in construing section 1 of rule 22, which is not substantially different from section 13 of our present rule X, said:

"The first section of the rule above quoted contemplates the incorporation into the transcript of the record the substance of voluminous exhibits, or exhibits which are important only as to the fact of their existence or as to small portions of their subject-matter or as establishing a negative fact, either by agreement of the parties as to the statement of the contents thereof, or a statement of the contents of the same settled by the trial judge; but it makes no provision for the sending of the original exhibits to this court, and their omission, or the omission of the statement mentioned, from the transcript of record. Where the substance is incorporated into the record, in either of the two modes, the statement of the same becomes a part of the record, and in like manner as other files or records in the case, and its verity is established in the same manner as other portions of the records by the certificate of the clerk and seal of the court."

In the case at bar, the exhibits in question are identified, but the substance thereof is not given, nor is "so much of their contents as shall be necessary to a proper presentation of the point at issue" agreed upon by the parties or settled by the trial judge and included in the record in lieu of the exhibits in full, assuming that such matter has any bearing whatsoever upon an issue which appellant shall present when he files his brief. For instance, the exhibit as identified by the trial judge at page 687 of the transcript starts out "plaintiff's Exhibit '24' being a stock ledger." That conveys no information to us except that a stock ledger was introduced in evidence. We are not informed as to its contents in whole or in part, or as to the substance thereof.

We have no means at the present time of testing the sufficiency of the transcript. We think the motion premature. When appellant files his brief in which in accordance with rule XV, section 1, he is required to set forth "a concise statement of the points upon which he

relies for reversal of the case," we will then be in a situation to consider appellee's objections to the transcript. Appellee also will be in a better situation to judge of the necessity of having added to the transcript the papers and exhibits he says are absent.

The motion should therefore be overruled, with leave to refile after appellant has filed and served his brief, and appellant has leave to file in the court below within ten days a supplemental praecipe specifying the questions he desires to have reviewed, with leave to both parties to further proceed under rule XI, section 4, to incorporate in a supplemental transcript such of the record and proceedings as they may deem necessary. This would include leave and opportunity to settle and incorporate in the record a supplemental bill of exceptions embodying the omitted exhibits or so much of their contents as the trial judge shall settle as necessary to a proper presentation of the point at issue. We do not mean to be understood, however, as holding that a compliance with section 4 of rule XI is necessary in order to have recourse to certiorari for diminution of the record to supplement a transcript of the record so as to bring up additional matter, either in the record·proper or otherwise. We say that to do so is both practical and wise. As to the omitted 37 items of the record proper, we are unable to form an opinion at present as to the bearing which they or any of them may have upon the questions appellant intends to present. It may be that we can ascertain that when appellants' brief is filed. Of course it is open to appellant in the meantime to take such measures as the rules provide to supplement the present transcript as to the record proper as well as to proceedings upon the trial, if he deems it advisable.

The motion is for the present overruled.

WATSON, PARKER, SADLER, and HUDSPETH, JJ., concur.