806 P.2d 66

**Cecelia JEANTETE, Petitioner–Appellee,**

v.

**Richard JEANTETE,
Respondent–Appellant.**

No. 12262.

Court of Appeals of New Mexico.

Dec. 31, 1990.

Elizabeth A. Musselman, Leverick & Musselman, P.C., Taos, for petitioner-appellee.

Brigitte Lotze, Taos, for respondent-appellant.

## OPINION

DONNELLY, Judge.

This is an appeal from an order denying the father's motion to modify visitation and living arrangements involving his younger daughter under an award of joint custody. Three issues are presented on appeal: (1) whether the trial court erred in denying modification of joint custody; (2) whether the court was required to conduct an in camera hearing to determine the child's wishes; and (3) whether public policy considerations required approval of the father's request for expanded visitation. For the reasons that follow, we affirm the ruling of the trial court.

The marriage of the parties was dissolved in 1984; a stipulation and agreement of the parties, incorporated into the final decree of divorce, provided that the father and mother were awarded joint custody of their three children. Under the agreement, the mother was given actual physical custody of the son and younger daughter, and the father received physical custody of the elder daughter. Both parents were granted visitation rights with the children every other weekend, on alternating major holidays, and on each of the children's birthdays.

In 1988, the father filed a motion to modify the custodial provisions of the decree with respect to the younger daughter and requested that she be permitted to reside with him "at least every other week." The father also alleged that the parties had deviated from the provisions of the original custody agreement, that the requested modification was in the best interests of the child, and that an order granting modification would formalize the visitation arrangements which had been followed by the parents.

The hearing on the father's motion was consolidated with other motions filed by the parties, involving support and property issues. At the hearing before the court, the parties disputed the extent to which they had departed from the terms of the original custody agreement concerning the living arrangements and visitation rights involving their younger daughter. The father testified that the daughter was currently spending approximately "thirty percent" of her time with him; the mother conceded that she permitted the daughter to stay with her father when she was out of town but challenged the father's statements concerning the number of times when this had occurred, and their duration, and testified that there had been only occasional deviations from the visitation provisions of the original decree.

### Denial of Modification

The father argues that the trial court erred in concluding that the evidence was insufficient to establish the existence of materially changed circumstances involving visitation arrangements for the younger daughter. He contends that the evidence established that both parents had consistently deviated from the 1984 decree and that an order of modification recognizing the practices of the parties was in furtherance of the child's best interests. He also asserts the trial court erred in failing to find that the mother's past acquiescence to the expanded child visitation estopped her from contesting modification of custody, and that evidence of the pattern of actual child visitation overcame any presumption that the prior custody decree continued to be reasonable under the current circumstances.

Courts may modify a prior custody order whenever circumstances render such change proper and in furtherance of the child's best interests. NMSA 1978, § 40-4-7(C) (Repl.Pamp.1989). Modification of child custody is "proper" upon a showing of materially changed circumstances affecting the best interests of the child. *See Schuermann v. Schuermann,* 94 N.M. 81, 607 P.2d 619 (1980); *Fox v. Doak,* 78 N.M. 743, 438 P.2d 153 (1968); *Strosnider v. Strosnider,* 101 N.M. 639, 686 P.2d 981 (Ct.App.1984); *see also Alfieri v. Alfieri,* 105 N.M. 373, 733 P.2d 4 (Ct.App.1987). This standard is also applicable to requests for modification of child

visitation rights. *See Kerley v. Kerley*, 69 N.M. 291, 366 P.2d 141 (1961).

Whether the trial court erred in denying or modifying a child custody or visitation decree is reviewed on an abuse of discretion standard. However, to be a proper exercise of the trial judge's broad discretion in this area, the record must contain substantial evidence supporting the required finding that the modification furthers the best interests of the child. *Gholson v. Gholson*, 82 N.M. 473, 483 P.2d 1313 (1971); *Merrill v. Merrill*, 82 N.M. 458, 483 P.2d 932 (1971); *Sanchez v. Sanchez*, 107 N.M. 159, 754 P.2d 536 (Ct.App.1988). In resolving competing parental custodial claims or questions involving child visitation, the best interests of the child must guide the hand of the court. *Lopez v. Lopez*, 97 N.M. 332, 639 P.2d 1186 (1981); *Kerley v. Kerley; Sanchez v. Sanchez.*

Where the evidence is conflicting, on appeal the reviewing court will consider only that evidence favorable to the findings of the trial court; the appellate court will not reweigh the findings of the trial court involving disputed testimony or inferences to be drawn therefrom, nor the trial court's determination as to the credibility of the witnesses. *Stone v. Turner*, 106 N.M. 82, 738 P.2d 1327 (Ct.App.1987).

 Both parties on appeal call our attention to the fact that two of the eleven tapes of the proceedings before the trial court were either lost or destroyed and were not available for review by this court. For purposes of review, absent proper evidence to the contrary, an appellate court will presume that the missing portions support the trial court's ruling. *Luxton v. Luxton*, 98 N.M. 276, 648 P.2d 315 (1982); *Eldridge v. Aztec Well Servicing Co.*, 105 N.M. 660, 735 P.2d 1166 (Ct.App.1987). An appellant has the duty of providing an adequate record sufficient to review the issues raised on appeal. *Dillard v. Dillard*, 104 N.M. 763, 727 P.2d 71 (Ct.App.1986).

 The father has not shown that the missing portions of the record were not capable of being reconstructed. Where a portion of the record has been omitted or is missing, the parties by stipulation, or the district or appellate courts, may direct that the omission be corrected. SCRA 1986, 12–209(C). Upon application of a party, the trial court may, by order, reconstruct missing portions of the record, based upon stipulated matters agreed to by the parties, from the trial judge's notes, from the trial judge's recollection of the testimony, or a combination of the above. *See State v. Fish*, 101 N.M. 329, 681 P.2d 1106 (1984). A verbatim transcript is not necessary in most cases to permit meaningful appellate review. *Id. See also Ball v. United States Copper Co.*, 35 N.M. 637, 6 P.2d 192 (1931); *Eldridge v. Aztec Well Servicing Co.*

 The father also asserts that the trial court prevented him from fully presenting his case by prematurely ruling before the conclusion of the motion hearing that there had been no material change in circumstances. *See Tuttle v. Tuttle*, 66 N.M. 134, 343 P.2d 838 (1959) (modification proceeding requires proper and orderly hearing, with the right and opportunity to present evidence). We disagree, however, with the father's characterization of the court's statements. The record indicates that the trial judge did not prevent the father from fully presenting his case. The court merely stated that the evidence offered up to that point was insufficient to meet the father's burden of proof. The court did not preclude the father from presenting further evidence in support of his motion. On appeal, the reviewing court may consider the trial court's verbal comments in order to clarify or discern the basis for the order or action of the court below. *Ledbetter v. Webb*, 103 N.M. 597, 711 P.2d 874 (1985). We find nothing in the trial court's oral remarks or the ruling that prevented the father from presenting further evidence. The fact that the parties departed at times from the provisions of the original custody agreement does not require modification of the agreement. Flexibility is an inevitable and necessary part of successful joint custody arrangements.

■ The father argues additionally that the trial court erred in failing to specify its reasons for denying his motion for modification of visitation. He argues that *Jaramillo v. Jaramillo*, 103 N.M. 145, 703 P.2d 922 (Ct.App.1985), interpreting the provisions of NMSA 1978, Section 40–4–9.1 (Repl.Pamp.1983), prior to the 1986 amendment (Laws 1986, Ch. 41, sec. 1), requires the trial court to specify its reasons for granting or terminating joint custody orders. Similarly, the current provisions of Section 40–4–9.1 provide that "[w]henever a request for joint custody is granted or denied, the court shall state in its decision its basis for granting or denying the request...." Section 40–4–9.1(I).

The plain language of Section 40–4–9.1 requires the court to set forth in its decision the basis for its determination *either granting or denying* joint custody. The father's motion for modification did not specifically seek the granting or denial of joint custody; instead, it sought modification of the living arrangements and enlargement of his visitation rights of the younger daughter within the framework of the prior joint custody agreement. The court's order denying modification recited in applicable part: "[The Father's] Motion for Modification of Final Decree is denied because the [father] failed to allege or prove the existence of a material change of circumstances relating to the ... child ..., since the entry of the Final Decree herein." R.P. 385. We think the court's order adequately articulates the basis for its ruling. Moreover, the trial court is only required to make ultimate findings of fact and conclusions of law necessary to support its decision. SCRA 1986, 1–052(B)(1)(b). *See also Marcus v. Cortese*, 98 N.M. 414, 649 P.2d 482 (Ct.App.1982).

### Preferences of the Child

■ The father's next issue concerns the statutory standards applicable to the determination of child custody as set forth in NMSA 1978, Section 40–4–9 (Repl.Pamp. 1989). Specifically, the father argues that the factors enumerated in Section 40–4–9(A) and (B), including testimony relating to the preferences of the child, must be considered by the trial court in determining whether the best interests of the child justify modification, and that the judge failed to consider the desires of his fourteen-year-old daughter[1].

We find no error in the trial court's denial of the father's motion in the instant case. Here, the father testified that his daughter concurred in his request for expanded visitation rights. Thus, the court was aware of the father's contentions involving the desires of the child. Although the child's stated wishes are clearly a factor to be considered in modifying a custodial arrangement, such wishes are not solely determinative. *See Normand by and through Normand v. Ray*, 109 N.M. 403, 785 P.2d 743 (1990) (although statute directs that district court consider the desires of minor over 14 years of age concerning custody, trial court is not conclusively bound to award custody according to such preference). *See also Davis v. Davis*, 83 N.M. 787, 498 P.2d 674 (1972) (showing of changed circumstances is a *prerequisite* to modification or change of custody).

The evidence before the trial court indicated that each of the children of the parties, under the terms of the prior stipulated agreement of the parties, spent substantial periods of time with each parent and that for a period of approximately four years the children had benefited from the arrangement. In child custody proceedings, the trial court is invested with wide discretion in determining procedural and evidentiary issues, and the court's determination as to the best interests of the child will not be overruled on appeal in the absence of a clear showing of an abuse of discretion. *See Normand by and through Normand v. Ray. See also Merrill v. Merrill.* We find no error in the trial court's denial of in camera hearing, where the trial court was otherwise adequately apprised of the child's wishes and there is evidence in the

---

1. Section 40–4–9 states in part that where child custody is in issue: "If the minor is fourteen years of age or older, the court shall consider the desires of the minor as to with whom he [or she] wishes to live before awarding custody of such minor."

record otherwise supporting the ruling of the trial court.

*Issue as to Public Policy*

The father's final argument focuses on the provisions of Sections 40–4–9 and 40–4–9.1 and statutory declarations of legislative policy specifying that an award of joint custody is presumed to be in the child's best interests. *See Jaramillo v. Jaramillo.* The father contends that these legislative provisions support his request that his children be permitted to spend an equal amount of time with each of the parents. We disagree that the trial court erred in applying the law to the facts of the instant case. The current joint custody arrangements were previously agreed upon by the parties and approved by the court. A party seeking to modify a decree of joint custody must overcome the presumption of the reasonableness of the original decree. *See Jaramillo v. Jaramillo; Seeley v. Jaramillo,* 104 N.M. 783, 727 P.2d 91 (Ct.App. 1986). *See also Schuermann v. Schuermann.* Here, it is evident that the public policy objectives of the legislature favoring joint custody were satisfied by the terms of

the original decree.[2] Whether modification of the initial agreement is appropriate is a matter entrusted to the sound discretion of the trial court, based upon the evidence submitted by the parties. *See Schuermann v. Schuermann; Kerley v. Kerley.* As specified by Section 40–4–9.1(J)(1), an award of joint custody means that "each parent shall have significant, well-defined periods of responsibility for the child"; however, joint custody awards need not equally divide the time period relating to the child's physical custody. *Jaramillo v. Jaramillo.*

The order of the trial court is affirmed.

IT IS SO ORDERED.

ALARID, C.J., and APODACA, J., concur.

---

2. The record does not indicate that the parties, in agreeing to joint custody, formulated a written parenting plan as contemplated by Section 40–4–9.1(F). *See Newhouse v. Chavez,* 108 N.M. 319, 772 P.2d 353 (Ct.App.1988); *Jaramillo v. Jaramillo.*