# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ROBERT M. VIRDEN,**

    Petitioner-Appellant,

v.                                    **NO.  29,048**

**SHANNON M. RICHESIN,**

    Respondent-Appellee,

and

**DYLAN T. BEGLEY,**

    Intervenor-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Ernesto Romero, District Judge**

Robert M. Virden
Rio Rancho, NM

Pro se Appellant

The Aragon Law Firm
Robert J. Aragon
Albuquerque, NM

for Appellee

Paul Cohen

Albuquerque, NM

for Intervenor

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

Petitioner argues the district court erred in entering a minute order changing his minor child's (Child) name more than two years after a final order was entered. [DS 4] We issued a calendar notice proposing to reverse the district court on March 4, 2009. Respondent filed a response in partial opposition on March 23, 2009. We remain unpersuaded by Respondent's arguments and reverse the district court.

This case arises from an action to determine paternity, time-sharing, custody, and child support filed by Petitioner in November 2005. [RP 1; MIO 1] In 2006, the district court entered an order adjudicating Petitioner the biological father of Child. [RP 127] At the same time the court changed the name of Child from Noah Silverio R. to Robert Noah V. [Id.] The final paternity decree was entered on June 1, 2007, whereby Petitioner was adjudicated the biological father of Child and a motion to terminate his parental rights was denied. [RP 348-349, 352-353] This decree refers to Child as Noah Robert R. [RP 348] Child's birth certificate, however, names Child as Robert Noah V., pursuant to the 2006 order. [DS 3]

During a status conference on September 11, 2008, Petitioner apparently requested the district court issue an order for Child's school records to be changed to reflect the name found in the 2006 order; Respondent had allegedly enrolled Child in school under a different name. [DS 3] Instead of granting this request, the district court apparently declared that a typographical error had been made and directed the parties to come up with a new name for Child. [Id.] The parties were unable to agree and on September 11, 2008, the district court entered a minute order changing Child's name to Noah Silverio R-V. [MIO 2] Apparently, neither party had requested this name change and it is unclear why the district court entered the order changing Child's name or how it arrived at the name. [DS 4] No findings of fact or conclusions of law were entered for the 2008 order.

Parents are statutorily authorized to request name changes for their minor children, provided they follow certain notice and publication requirements. *See* NMSA 1978, § 40-8-1 (1989) ("The parent or guardian of any resident of this state under the age of fourteen years may, upon petition to the district court . . . have the name of his child or ward changed or established by order of the court."); *see also* NMSA 1978, § 40-8-2 (2001) (requiring publication of a proposed name change for two weeks). Moreover, we have repeatedly held the authority of courts to fashion rulings in the best interests of children is broad. *See generally Jeantete v. Jeantete*,

111 N.M. 417, 421, 806 P.2d 66, 70 (Ct. App. 1990). In light of the district court's continuing jurisdiction in this case, the district court appears to have been at liberty to address the question of Child's name in the course of the pending proceedings, assuming either party had filed a motion for change of name.

Here, however, neither party requested a change of name for Child. Respondent argues NMSA 1978, Section 40-11-18 (1986) gives the court continuing jurisdiction to modify any orders it issues, regardless of whether such modification was requested by a party. We decline to adopt this interpretation of the statute. Contrary to Respondent's contention, Section 40-11-18 specifically limits the continuing jurisdiction of the court to orders for future support. The district court order in this case had nothing to do with support.

Moreover, while we acknowledge the district court's equitable powers to fashion remedies in the best interest of children, that power is not unlimited. *See, e.g., Ridenour v. Ridenour,* 120 N.M. 352, 354, 901 P.2d 770, 772 (Ct. App. 1995) (reiterating the court balances the fundamental right of a parent to personal choice in familial relationships with the best interest of the child). We see nothing in the record to indicate Child's name was changed because Child had some special need, nor does it appear the district court even considered the parental right of choice. We therefore hold it was unreasonable for the district court to change Child's name, absent a request

4

from either party. Furthermore, had either party made such a request, the other party should have been provided with an opportunity to respond. We also decline to accept Respondent's request that we affirm that part of the order changing Child's first and last name and remanding solely for consideration of Child's middle name. [MIO 2]

We also note the record does not indicate Child's name was a typographical error, which also might permit the district court to revise the 2006 order. *See* Rule 1-060(A) NMRA (permitting a court to revise an order to correct clerical mistakes at any time); *see also In re Estates of Hayes,* 1998-NMCA-136, ¶ 15, 125 N.M. 820, 965 P.2d 939 (explaining that "[t]he kinds of mistakes that can be corrected under Rule 1-060(A) include: (1) transcription and mathematical errors; (2) ambiguities in a judgment (e.g. in order to clarify the court's original intention when a judgment is vague); and (3) errors of omission, but only if the omission misrepresented the court's intention," and noting that it is inappropriate to use Rule 1-060(A) where the court changes its mind).

Nothing in the record appears to indicate the name in the 2006 order was a clerical mistake. No party appears to have objected to the form of the 2006 order [RP 128] and that name repeatedly appears in subsequent pleadings. [*See, e.g.,* RP 165, 170, 183] Instead it appears from the record, docketing statement, and response that the district court changed Child's name on its own initiative, more than two years after

it had previously decided the issue in 2006.  We hold such an action is outside the discretion of the district court.

We therefore reverse the district court's order changing Child's name.

**IT IS SO ORDERED.**

**RODERICK T. KENNEDY, Judge**

**WE CONCUR:**

**MICHAEL D. BUSTAMANTE, Judge**

**CELIA FOY CASTILLO, Judge**