This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**ERIC CHRISTOPHER ACHEN,**

Petitioner-Appellant,

v.                                                                                    NO. 33,007

**KARINE BRUYERE,**

Respondent-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Eric Christopher Achen
Albuquerque, NM

Pro Se Appellant

Susan I. Brown, Attorney at Law
Susan I. Brown
Placitas, NM

for Appellee

## MEMORANDUM OPINION

**KENNEDY, Chief Judge.**

{1} Petitioner Eric Christopher Achen (Father) appeals from two district court orders: (1) a minute order filed on August 6, 2009, finding, in part, that "Mother's reason[s] for relocation are legitimate financially"; [RP 174, #4] and (2) a minute order filed on June 4, 2013, denying Father's "motion to restore inherent, natural, inalienable and equal rights of . . . daughter and . . . Father as protected by the United States Constitution and the New Mexico Constitution." [RP 321] [DS 6-7] This Court issued a calendar notice proposing summary affirmance. Father has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. Unpersuaded, we affirm.

{2} In our calendar notice, we proposed to hold that Father abandoned his appeal of the minute order filed on August 6, 2009, ultimately incorporated by implication into the district court's subsequent permanent custody order of September 30, 2010, [RP 273-279] by failing to perfect his appeal in October 2010, by never filing a docketing statement. [CN 2] *See* Rule 12-208(B) NMRA (requiring the appellant to file a docketing statement within thirty days of filing the notice of appeal). In response, Father's memorandum in opposition states that he "object[s] as this simply violates constitutionally protected *inalienability* of rights that are natural and inherent of . . . daughter . . . to have equal access to both . . . parents." [MIO 8] Father does not make a direct argument regarding the abandonment of his appeal, nor does he

offer any legal authority to support his contention, aside from a series of inapposite case citations peppered throughout his memorandum in opposition. Having reviewed the cases presented, as well as the propositions for which they stand, we are not persuaded that our proposed holding was incorrect. *See Fernandez v. Farmers Ins. Co. of Ariz.*, 1993-NMSC-035, ¶ 15, 115 N.M. 622, 857 P.2d 22 ("[C]ases are not authority for propositions not considered." (internal quotation marks and citation omitted)); *see also Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). Therefore, we deem the issues regarding the relocation of daughter and the propriety of the permanent custody order to be abandoned.

{3}     Next, in our calendar notice, we proposed to affirm the district court's order denying Father's 2013 "motion to restore inherent, natural, inalienable and equal rights of . . . daughter and . . . Father as protected by the United States Constitution and the New Mexico Constitution." [CN 2] Specifically, we proposed to construe Father's motion as effectively requesting a modification of the permanent custody order, and we further proposed to conclude that Father did not meet his burden for obtaining such a modification. [CN 3-4] *See Jaramillo v. Jaramillo*, 1991-NMSC-101, ¶ 27, 113 N.M. 57, 823 P.2d 299 ("[E]ither party can initiate a proceeding to alter an existing custody arrangement on the ground that a substantial and material change

3

in circumstances affecting the welfare of the child has occurred or is about to occur, and the party seeking such change has the burden to show that the existing arrangement is no longer workable."). We noted that, following a hearing on the motion, the district court found that there had not been a substantial change in circumstances and also that Father's docketing statement did not challenge the district court's finding. [CN 4] In his memorandum in opposition, Father still does not directly challenge the district court's finding, but instead lays out the degree of financial hardship he has suffered since 2009 in traveling to see daughter. [MIO 7] However, even in light of the financial burden described by Father, we are not convinced that the district court erred in determining that there had not been a substantial change in circumstances that would merit granting Father's motion to allow daughter equal access to both parents through her eighteenth birthday and to order that she move back to Albuquerque. [RP 295] *See Jeantete v. Jeantete*, 1990-NMCA-138, ¶ 17, 111 N.M. 417, 806 P.2d 66 ("Whether modification of the initial agreement is appropriate is a matter entrusted to the sound discretion of the [district] court, based upon the evidence submitted by the parties."). Thus, we hold that the district court did not err in denying Father's motion.

{4}     Finally, to the extent that Father continues to attack the "best interests of the child" standard as unconstitutional, both under the federal and the state constitutions, we remain unpersuaded. We note that Father presents many of the same arguments

4

made in his docketing statement. In *Schuermann v. Schuermann*, 1980-NMSC-027, ¶ 4, 94 N.M. 81, 607 P.2d 619, our Supreme Court reaffirmed the best interests test as the "controlling inquiry of the trial court in settling any custody dispute." The inapposite cases cited by Father in his memorandum in opposition do not convince us to hold otherwise.

{5}     For these reasons and those in our calendar notice, we affirm.

{6}     **IT IS SO ORDERED.**


_____

**RODERICK T. KENNEDY, Chief Judge**


**WE CONCUR:**


_____

**CYNTHIA A. FRY, Judge**


_____

**JONATHAN B. SUTIN, Judge**