This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-35611

**WOODMONT PASEO, LLC,**

    Plaintiff-Appellant,

**v.**

**NEW MEXICO UTILITIES, INC.,
and SOUTHWEST WATER CO.,**

    Defendants-Appellees,

**and**

**ALBUQUERQUE / BERNALILLO
COUNTY WATER UTILITY
AUTHORITY, and GOVERNING
BOARD OF THE ALBUQUERQUE /
BERNALILLO COUNTY WATER
UTILITY AUTHORITY,**

    Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
C. Shannon Bacon, District Judge**

Hamm French, PLLC
Jason B. Hamm
Midland, TX

for Appellant

Montgomery & Andrews, P.A.
Stephen S. Hamilton
Kari E. Olson
Santa Fe, NM

for Appellees

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}** At issue in this appeal is whether Woodmont Paseo, LLC's (Woodmont) claims against New Mexico Utilities, Inc. (NMUI) and its parent company, Southwest Water Co. (SWC), are precluded by the defense of impossibility or by the stipulated condemnation judgment (the condemnation judgment) that resulted in acquisition of specified personal and real property that NMUI owned by the Albuquerque Bernalillo County Water Utility Authority (WUA). For the reasons that follow, we reverse the district court's order of dismissal as to NMUI. However, we affirm the district court's dismissal of the claims against SWC.

## BACKGROUND

**{2}** The following facts are taken from Woodmont's complaint and the condemnation judgment with incorporated exhibits attached to NMUI's motion to dismiss.

**{3}** On April 17, 2003, NMUI, a utility company, entered into an agreement with Woodmont's predecessor (the 2003 Agreement) in which NMUI guaranteed water and sanitary sewer service to dwelling units within a planned community known as The Trails in Albuquerque, New Mexico. In exchange for the services provided to The Trails, Woodmont's predecessor deeded unspecified property within The Trails to NMUI, constructed a regional lift station, and provided oversized system-wide transmission and sanitary sewer lines. This agreement was subsequently amended on August 1, 2007 (the 2007 Agreement).

**{4}** On January 19, 2007, before the parties executed the 2007 Agreement, the WUA initiated a condemnation action against NMUI. NMUI challenged the condemnation by filing a motion for summary judgment, arguing that the WUA lacked the statutory authority to condemn NMUI's property. After the district court denied the motion, NMUI filed an interlocutory appeal that was denied. NMUI then entered into a settlement with the WUA that resulted in the condemnation judgment, wherein NMUI obtained a judgment for $60,000,000 in exchange for condemnation of specified real and personal property that it owned. The district court concluded that "the WUA has the requisite authority to accomplish the acquisition and condemnation contemplated here" pursuant to the Eminent Domain Code, NMSA 1978, Sections 42A-1-1 to -34 (1974, as amended through 2001), and NMSA 1978, Section 72-1-10 (2005), and entered the order. Neither Woodmont nor its predecessors were parties to or intervened in the condemnation action, although notice of the condemnation proceeding was provided by publication.

**{5}** On or about April 23, 2015, approximately six years after the condemnation action was finalized, the WUA informed Woodmont that plans to deliver water within Unit 3A were no longer acceptable and that "water to Unit 3A would be available only

with the addition of a new reservoir and associated facilities, all to be 100% developer funded." Woodmont valued the cost of this new requirement at $4,000,000. Several months later, NMUI and SWC notified Woodmont that they had no obligation to perform under the 2003 and 2007 Agreements and were not liable for the costs of the additional facilities required by the WUA.

**{6}**    Woodmont then filed the complaint at issue that included claims for breach of contract and for declaratory judgment against NMUI and SWC.[1] NMUI and SWC did not file an answer to Woodmont's complaint. Instead, they filed a motion to dismiss pursuant to Rule 1-012(B)(6) NMRA. NMUI and SWC attached a copy of the condemnation judgment to their motion. Following a hearing on the motion, the district court granted NMUI and SWC's motion and dismissed the claims against them on the following grounds: (1) the defense of impossibility barred Woodmont's claims because the WUA had taken NMUI's assets and real property, including the well sites and easements bargained for under the 2003 and 2007 Agreements; (2) the condemnation judgment contained language that precluded Woodmont's claims when it or its predecessors failed to join the condemnation proceedings; and (3) Woodmont did not plead a claim against SWC because it was not a party to the 2003 and 2007 Agreements and its only tie to the litigation was the fact that it was a parent company to NMUI.

## DISCUSSION

**{7}**    The aforementioned grounds were identified in the district court's oral ruling on the motion to dismiss. *See State v. Morris*, 1961-NMSC-120, ¶ 5, 69 N.M. 89, 364 P.2d 348 ("An oral ruling by the [district court] is not a final judgment. It is merely evidence of what the court had decided to do but [it] can change such ruling at any time before the entry of judgment."). The district court's written order of dismissal did not indicate any grounds for dismissal. Therefore, we base our analysis on the district court's oral ruling because the parties' arguments rely on it and it does not conflict with its written ruling. *Jeantete v. Jeantete*, 1990-NMCA-138, ¶ 11, 111 N.M. 417, 806 P.2d 66 ("On appeal, the reviewing court may consider the [district] court's verbal comments in order to clarify or discern the basis for the order or action of the court below.").

**{8}**    Woodmont argues that the district court erred in dismissing its claims against NMUI and SWC because: (1) it pleaded valid claims for breach of contract and declaratory judgment; (2) its claims were not precluded by the defense of impossibility; and (3) the condemnation judgment stipulated to by NMUI and the WUA did not bar its claims. Woodmont also argues that SWC is liable as the parent company of NMUI under the contract between Woodmont and NMUI; therefore, the district court erroneously dismissed its claims against SWC.

**{9}**    NMUI and SWC provide no argument as to whether Woodmont's complaint states claims for breach of contract and declaratory judgment. Rather, their argument

---

1The complaint also made claims against the WUA and its governing board. The WUA and its governing board are not parties to this appeal, nor are the claims against them at issue here.

focuses on whether Woodmont's claims are barred by the defense of impossibility and whether the condemnation judgment bars Woodmont's request for breach of contract damages.

## I.    Standard of Review

**{10}**    NMUI and SWC moved under Rule 1-012(B)(6) to dismiss Woodmont's complaint for failure to state a claim. In their motion, NMUI and SWC asked that the district court take judicial notice, pursuant to Rule 11-201 NMRA, of the condemnation judgment that was attached to the motion. In response to NMUI and SWC's motion, Woodmont filed a memorandum in opposition in which it did not object to or argue against the district court taking judicial notice of the condemnation judgment.

**{11}**    During the hearing on the motion, the district court questioned whether consideration of information outside of the pleadings would convert NMUI and SWC's motion to dismiss into a motion for summary judgment under Rule 1-056 NMRA. NMUI and SWC argued that the district court could treat the motion as a motion to dismiss if it took judicial notice of the condemnation judgment. *See* Rule 1-012(B). At the hearing, Woodmont did not argue that NMUI and SWC's motion to dismiss would become a motion for summary judgment if the district court were to take judicial notice of the condemnation judgment, nor did it object to the district court ruling under the motion to dismiss standard. Based on the condemnation judgment and other factors, the district court granted NMUI and SWC's Rule 1-012(B)(6) motion and dismissed the case.

**{12}**    Because we understand the district court to have taken judicial notice of the condemnation judgment and because the parties do not contest the issue, we treat NMUI and SWC's motion as a motion to dismiss.[2] Accordingly, we review de novo the district court's decision to dismiss this case for failure to state a claim under Rule 1-012(B)(6). *Delfino v. Griffo*, 2011-NMSC-015, ¶ 9, 150 N.M. 97, 257 P.3d 917. "A motion to dismiss for failure to state a claim . . . tests the legal sufficiency of the complaint[.]" *Derringer v. State*, 2003-NMCA-073, ¶ 5, 133 N.M. 721, 68 P.3d 961. "In reviewing a district court's decision to dismiss for failure to state a claim, we accept all well-pleaded factual allegations in the complaint as true and resolve all doubts in favor of sufficiency of the complaint." *Delfino*, 2011-NMSC-015, ¶ 9 (internal quotation marks and citation omitted). "A motion to dismiss may be granted if it is evident that the plaintiff cannot obtain relief under any set of facts alleged in the complaint or if the facts on the face of the complaint clearly support an affirmative defense to the relief sought." *Sanders v. Estate of Sanders*, 1996-NMCA-102, ¶ 6, 122 N.M. 468, 927 P.2d 23 (citations omitted).

## II.    Woodmont's Complaint States a Claim for Breach of Contract

**{13}**    In order to establish a breach of contract claim, a party must show that (1) there was a contractual obligation; (2) the opposing party breached the contract; and (3) the

---

[2]No party to this appeal argues that the district court erred in deciding the motion under the standard for a motion to dismiss. *See State ex rel. Human Servs. Dep't v. Staples (In re Doe)*, 1982-NMSC-099, ¶¶ 3, 5, 98 N.M. 540, 650 P.2d 824 (noting that an appellate court should not reach issues that the parties have failed to raise in their briefs).

breach resulted in damages. *Armijo v. Wal-Mart Stores, Inc.*, 2007-NMCA-120, ¶ 34, 142 N.M. 557, 168 P.3d 129. While NMUI and SWC concede that there was a contractual obligation, the complaint also alleges that Woodmont's predecessors entered into agreements with NMUI and under the agreement NMUI agreed to provide services to The Trails in exchange for deeded property, which satisfies the first element. As to the second element, the complaint alleges that NMUI breached the contract by not "performing under [the 2003 and 2007 [A]greements and/or not assuming any costs for work required by the [WUA]." As to the final element, the complaint alleges that Woodmont had suffered damages as a result of the breach. Based on these allegations, we conclude that Woodmont's complaint sufficiently states a claim of breach of contract against NMUI.

### III.    Woodmont's Complaint States a Claim for Declaratory Judgment

**{14}**    The Declaratory Judgment Act (the Act), NMSA 1978, §§ 44-6-1 to -15 (1975), provides the district court with the "power to declare rights, status[,] and other legal relations whether or not further relief is or could be claimed." Section 44-6-2. As an interested person under the 2003 and 2007 Agreements, Woodmont was entitled pursuant to the Act to "have determined any question of construction or validity arising under the . . . contract . . . and obtain a declaration of rights, status[,] or other legal relations thereunder." Section 44-6-4. Furthermore, the Act provides that "[a] contract may be construed either before or after there has been a breach thereof." Section 44-6-5. Therefore, because it alleges that there was controversy concerning the enforceability of the contracts and the parties' responsibilities thereunder, we conclude that Woodmont's complaint also states a claim for declaratory judgment.

### IV.    NMUI Has Not Established the Defense of Impossibility

**{15}**    Having concluded that Woodmont's complaint states claims for breach of contract and declaratory judgment, we turn to whether the defense of impossibility has been established. Woodmont argues that NMUI is precluded from using the defense of impossibility because NMUI has failed to take any action to perform its duties under the agreements. NMUI contends that "the taking of all of NMUI's tangible and intangible assets and real property, including the well sites and easements bargained for under the 2003 and 2007 [A]greements[,] made it impossible for NMUI to comply with the 2003 and 2007 [A]greements to provide water and sewer service to the property owned by [Woodmont's] predecessor." Without further explanation, NMUI argues that the requirements for the defense of impossibility are satisfied.

**{16}**    As an initial matter, NMUI also contends that Woodmont failed to preserve its argument that NMUI is precluded from using the defense of impossibility. *See* Rule 12-321(A) NMRA ("To preserve an issue for review, it must appear that a ruling or decision by the trial court was fairly invoked."). However, Woodmont argued in opposition of dismissal of its claims on impossibility grounds, which was sufficient to preserve the issue for appeal. *See Gracia v. Bittner*, 1995-NMCA-064, ¶ 18, 120 N.M. 191, 900 P.2d 351 (stating "the preservation requirement should be applied with its purposes in mind,

and not in an unduly technical manner to avoid reaching issues that would otherwise result in reversal").

**{17}** The defense of impossibility requires "that (1) a supervening event made performance on the contract [impossible;] (2) the non-occurrence of the event was a basic assumption on which the contract was based[;] (3) the occurrence of the event was not [NMUI's] fault[;] and (4) [NMUI] did not assume the risk of the occurrence." *Summit Props., Inc. v. Pub. Serv. Co. of N.M.*, 2005-NMCA-090, ¶ 32, 138 N.M. 208, 118 P.3d 716. In order to grant NMUI and SWC's motion to dismiss, the facts established by the complaint and the condemnation judgment must clearly support the defense of impossibility. *See Sanders*, 1996-NMCA-102, ¶ 6. Upon review, we conclude that the facts established by those documents offer no such support.

**{18}** We need only analyze the second and last elements of the defense of impossibility to reach our conclusion. On their face, the complaint and the condemnation judgment provide no evidence that the 2003 and/or 2007 Agreement(s) were based on an assumption that condemnation of the deeded property would not occur. Similarly, the complaint and the condemnation agreement do not provide any evidence that the parties contemplated who assumed the risk of condemnation, nor do they establish that NMUI did not assume the risk of the condemnation under the 2003 and/or 2007 Agreement(s).  Because the complaint and the condemnation agreement do not contain facts necessary to establish the elements of this defense, NMUI is not entitled to dismissal based on the defense of impossibility.

## V.     The Condemnation Judgment Does Not Preclude Woodmont's Claim for Damages

**{19}** Because we conclude that the district court erred in granting NMUI and SWC's motion to dismiss under the defense of impossibility, we next consider whether the district court erred in concluding that the condemnation judgment precluded Woodmont's claims because it failed to join the condemnation proceedings. During the hearing, the district court indicated that res judicata and collateral estoppel were not applicable, but indicated that law of the case may apply. From the record, we are unable to determine which of the preclusion doctrines, if any, the district court ultimately relied upon in its ruling.

**{20}** On appeal, neither party advances any argument under the preclusion doctrines. Instead, the parties' arguments focus on whether Woodmont's claim for damages under breach of contract could only be satisfied through the condemned property or the condemnation award. In relevant part, the condemnation judgment provides that

> the defendants named herein under the style of "All Unknown Owners or Claimants of the Property Involved" by their failure to file an Entry of Appearance, Answer, or otherwise plead, are wholly in default and hereby adjudged in default. As such, defendants "All Unknown Owners or Claimants of the Property Involved" have no interest in the premises

condemned herein and thus are not entitled to any portion of the award granted herein; and each of the defendants is barred and estopped forever from claiming any portion of the real estate condemned herein or any portion of the award granted herein other than as specifically designated to them in this Judgment.

Woodmont contends that its complaint does not make any claim as to the condemned property or the condemnation award, but is instead seeking damages for NMUI's alleged breach. NMUI and SWC contend that Woodmont's breach of contract claim is a guise to recover a portion of the condemnation award.

**{21}** These arguments do not address the legal sufficiency of Woodmont's complaint and instead focus on whether Woodmont would be able to execute any judgment it was to receive in this case. Such a consideration is improper in ruling on NMUI and SWC's motion to dismiss. *See Derringer*, 2003-NMCA-073, ¶ 5 ("A motion to dismiss for failure to state a claim . . . tests the legal sufficiency of the complaint[.]"). Therefore, to the extent that the district court relied on this consideration when determining the legal sufficiency of Woodmont's complaint, it did so in error. Because the parties do not advance any other arguments related to preclusion and we are unable to determine which, if any, doctrines of preclusion the district court relied on, we do not address preclusion any further.

## VI.    The District Court Properly Dismissed the Claims Against SWC

**{22}** Woodmont argues that the funds received from the condemnation proceeding were transferred to SWC and, because of this, SWC benefited from NMUI's breach of contract, establishing a right to seek damages against SWC. Woodmont cites no legal authority in its briefing to support this contention. *See Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."). Therefore, we affirm the district court's dismissal of the claims against SWC.

## CONCLUSION

**{23}** We reverse the district court's order dismissing Woodmont's claims against NMUI and remand for further proceedings consistent with this opinion. We affirm the district court's dismissal of the claims against SWC.

**{24}    IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**BRIANA H. ZAMORA, Judge**