833 P.2d 1182

Janis LOVERIN, Petitioner–Appellee,

v.

Gary DEBUSK, Respondent–Appellant.

No. 13630.

Court of Appeals of New Mexico.

Feb. 26, 1992.

Paul A. Kastler, John William Clever, Kastler and Kamm, Raton, for petitioner-appellee.

Morris Stagner, Clovis, Winston Roberts–Hohl, Santa Fe, for respondent-appellant.

OPINION

BIVINS, Judge.

Appellate counsel, Winston Roberts–Hohl, was ordered to show cause in writing why he should not be held in contempt of court for violation of appellate rule SCRA 1986, 12–208(A). Counsel has timely responded to the order to show cause. The order to show cause is hereby quashed. We do not, however, agree with counsel that he has not violated the rule.

Rule 12–208(A) states that trial counsel *shall* be responsible for preparing and filing the docketing statement unless relieved of that responsibility by the appellate court. This rule was adopted by the New Mexico Supreme Court and must be followed by this court. *Alexander v. Delgado*, 84 N.M. 717, 718, 507 P.2d 778, 779 (1973).

The fact that the supreme court, under its procedure, does not require counsel to abide by this rule as counsel asserts, does not affect this court. As the supreme court pointed out in *Gallegos v. Citizens Ins. Agency*, 108 N.M. 722, 731, 779 P.2d 99, 108 (1989), docketing statements in the two courts are used differently. This court uses the docketing statement in its calendaring system. Therefore, it is important that the docketing statement comply with the requirements set forth in the rule. We believe there are good reasons for having trial counsel file the docketing statement. Because he was present at the trial, trial counsel is in a better position to know what evidence and facts were presented. In this court's calendaring system, it is important to have all the facts, including those that support what the trial court did. *See Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct.App.1984). Trial counsel also knows what objections were made and how issues were preserved. Unless an issue has been properly preserved below, it cannot be considered on appeal. SCRA 1986, 12–216(A). Because it is trial counsel's duty to prepare and file the docketing statement, we have long held that

issues raised by appellate counsel after picking through the transcript are disfavored. *See State v. Moore*, 109 N.M. 119, 128, 782 P.2d 91, 100 (Ct.App.), *cert. denied*, 109 N.M. 54, 781 P.2d 782 (1989). We think this is further support for our position that trial counsel be required to file the docketing statement.

Appellate counsel argues that the law of agency should apply here. We cannot agree because the rule specifically states that trial counsel shall prepare and file the docketing statement unless relieved of the responsibility by this court. The specific language of the rule evidences an intent that trial counsel must file the docketing statement and the matter cannot be delegated to an agent. Rule 12–208(A). We do not find persuasive counsel's reliance on *Turley v. State*, 96 N.M. 579, 633 P.2d 687 (1981), *overruled in part, United States Brewers Ass'n, Inc. v. Director of the New Mexico Dep't of Alcoholic Beverage Control*, 100 N.M. 216, 668 P.2d 1093 (1983). Furthermore, the pleadings in this case do not show that appellate counsel was acting as an agent for trial counsel. The docketing statement was signed as submitted by Winston Roberts–Hohl. Trial counsel's name on the cover page of the docketing statement is not evidence that he was involved in the preparation or filing of the docketing statement.

Even if we were to hold that appellate counsel may act as an agent for trial counsel in the filing of the docketing statement, we would still find that trial counsel has the ultimate responsibility for the docketing statement. *Cf. Echols v. N.C. Ribble Co.*, 85 N.M. 240, 243, 511 P.2d 566, 569 (Ct.App.), *cert. denied*, 85 N.M. 229, 511 P.2d 555 (1973). Therefore, if there was some fault to find with the docketing statement, this court would direct trial counsel to correct the problem. Further, because trial counsel has the ultimate responsibility for the docketing statement, this court could hold trial counsel in contempt of court for allowing another to file the docketing statement in direct contravention of the rule.

Finally, appellate counsel argues that prohibiting him from filing the docketing statement in cases where he was not trial counsel infringes on his right to practice in this court. We do not agree. We are simply requiring counsel to follow the appellate rules as promulgated by the supreme court. If appellate counsel wants to file the docketing statement, he may have trial counsel request to be relieved of the duty. Appellate counsel may associate with trial counsel and assist in the preparation of the docketing statement. However, it is trial counsel who must prepare and file the docketing statement "unless relieved by order of the appellate court." Rule 12–208(A).

IT IS THEREFORE ORDERED that the order to show cause is hereby quashed. Both trial counsel and appellate counsel are reminded that it is the duty of trial counsel to prepare and file the docketing statement. If trial counsel abdicates that duty to appellate counsel without approval of this court, he may be held in contempt of court for violation of the appellate rules. Likewise, appellate counsel may be held in contempt for violation of the appellate rules by filing such a docketing statement.

IT IS SO ORDERED.

ALARID, C.J., and FLORES, J., concur.