This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                                      **NO. 31,093**

**WALKER T. SCHOONOVER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Denise Barela Shepherd, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Jacqueline L. Cooper, Acting Chief Public Defender
Tania Shahani, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VANZI, Judge.**

Defendant appeals his convictions for homicide by vehicle and great bodily injury by vehicle. We proposed to affirm in a calendar notice, and we have received a memorandum in opposition to our notice as well as a motion to amend the docketing statement. We have duly considered Defendant's arguments, but we are unpersuaded by them. We deny the motion to amend the docketing statement, and we affirm Defendant's convictions.

In our calendar notice, we pointed out that trial counsel failed to provide us all of the facts as required by Rule 12-208 NMRA. In the memo in opposition, appellate counsel repeatedly states that trial counsel cannot recall certain facts relevant to the issues on appeal. [MIO 3-4] For example, on the issue of the qualification of the police officer, trial counsel cannot recall what testimony the officer gave as to his qualifications, cannot recall what the State argued about prejudice, and cannot recall the discussion in the district court. [MIO 6] With regard to the rebuttal witness, trial counsel cannot recall the testimony of the witness. Based on trial counsel's faulty memory, appellate counsel argues that the case must be assigned to a different calendar, and appellate counsel should be given access to the trial record. [MIO 7]

Rule 12-208(A) NMRA states that trial counsel shall be responsible for preparing and filing the docketing statement unless relieved of that responsibility by the appellate court. Rule 12-208 explains in detail all of the information that must be

included in the docketing statement, including "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented." Rule 12-208(D)(3). As explained in *Loverin v. Debusk*, 114 N.M. 1, 1, 833 P.2d 1182, 1182 (Ct. App. 1992), Rule 12-208 was adopted by our Supreme Court, and this Court is required to follow the rule. The Court in *Loverin* went on to explain that we use the docketing statement in our calendaring system, and therefore, it is important that the docketing statement is in compliance with the rule. *Id.* The responsibility for preparing a docketing statement in compliance with the rule falls on trial counsel because trial counsel was present during the proceedings and knows first-hand what evidence or testimony was presented, what objections were made, how issues were preserved, what arguments were made to the district court, and the details of the rulings made by the district court. All of this information is important to this Court when considering the issues raised by an appellant.

Appellate counsel suggests that, because trial counsel did not comply with the appellate rules with regard to the docketing statement and because trial counsel claims a loss of memory with regard to important details, we should assign this case to another calendar to allow appellate counsel to address the deficiencies in the docketing statement. To do so would be contrary to our commitment to the principle that issues raised by the appellate attorney after picking through the transcript are

disfavored. *See Id.* at 1-2, 833 P.2d at 1182-83. Moreover, if we believe the facts that are contained in the docketing statement or contained in the record are sufficient to enable us to resolve the issues raised on appeal, we will assign the case to the summary calendar as we did in this case. *See Udall v. Townsend*, 1998-NMCA-162, ¶ 3, 126 N.M. 251, 968 P.2d 341. We have determined that we can decide this case on the summary calendar. We now proceed to address the arguments in opposition to our proposal and Defendant's motion to amend the docketing statement.

**Motion to Amend Docketing Statement**

Defendant moves to amend the docketing statement to include two issues. Defendant claims that it was error for the district court to grant the State's motion in limine to exclude information regarding a civil settlement, and Defendant claims that he was denied effective counsel based on trial counsel's failure to attend the pretrial interview of Deputy Armijo and failure to obtain an expert to support Defendant's theory of the case. We will deny a motion to amend the docketing statement when the argument offered in support of the motion is not viable. *State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994).

Defendant claims that he was prevented from introducing evidence that Tommy Gurule's insurer had paid money pursuant to a civil lawsuit to the estate of the deceased motorist as compensation for Gurule's involvement in the crash. Defendant

wished to use the evidence to show that he was not solely responsible for the crash. "We review the admission of evidence under an abuse of discretion standard and will not reverse in the absence of a clear abuse." *See State v. Sarracino*, 1998-NMSC-022, ¶ 20, 125 N.M. 511, 964 P.2d 72. As argued by the State, the civil lawsuit involved a different burden of proof and different considerations and financial concerns than the criminal case against Defendant. [RP 84] The State argued that admission of evidence concerning the civil lawsuit would be confusing to jurors in the criminal case, the jurors could be influenced to draw incorrect conclusions without understanding the differences between the two types of cases, and admission of the evidence would be unduly prejudicial. [Id.] Defendant has not demonstrated an abuse of discretion by the district court in excluding the evidence.

Defendant claims that his counsel failed to call an expert witness to respond to the State's expert witness and failed to attend the interview of the witness called by the State as an expert. There is a two fold test for proving ineffective assistance of counsel; the defendant must show (1) that counsel's performance fell below that of a reasonably competent attorney, and (2) that defendant was prejudiced by the deficient performance. *State v. Hester*, 1999-NMSC-020, ¶ 9, 127 N.M. 218, 979 P.2d 729. The burden of proof is on defendant to prove both prongs. *Id.*

Defendant suggests that trial counsel did not call an expert "due to the late disclosure" of the State's witness as an expert and due to the "district court's refusal to exclude" the testimony of the State's expert. [MIO 18] Defendant also suggests that trial counsel's actions were not for strategic reasons. The suggestions made by Defendant are not part of the record in this case. In addition, although Defendant refers to a portion of the record and claims that it provides support for his theory of the case, we disagree with Defendant's claim. The document cited to by Defendant is a response to the State's motion in limine, and it refers to "assertions" made by Defendant that were not contested by the State in its motion in limine. [RP 142] We do not view the statements in Defendant's response to be support for Defendant's theory of the case. However, as noted by Defendant, "[w]hen an ineffective assistance claim is first raised on direct appeal, we evaluate the facts that are part of the record. If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition." *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 (citing *State v. Swavola*, 114 N.M. 472, 475, 840 P.2d 1238, 1241 (Ct. App. 1992)). Although Defendant has not presented a prima facie claim for ineffective assistance of counsel, he may choose to pursue his claim through habeas corpus proceedings.

6

Because Defendant's arguments are not viable, we deny the motion to amend the docketing statement.

**Issues on Appeal**

Defendant continues to claim that Deputy Armijo was not qualified as an expert witness. As explained in our calendar notice, Defendant does not provide us with information to support his claim that the deputy was not qualified in accident reconstruction. As pointed out by Defendant in the memorandum in opposition, Deputy Armijo stated in an interview conducted in November 2009 that he attended training in crash investigation and accident reconstruction and obtained certificates. [RP 224] Deputy Armijo also discussed his years of experience and the number of accidents that he had investigated. [RP 225] In addition, the interview with Deputy Armijo took place approximately one year before trial, and the deputy relied on information from another officer when offering his opinion. Therefore, Defendant was aware that the State could decide to rely on Deputy Armijo as an expert at trial. We hold that there was no abuse of discretion by the district court when it allowed expert testimony to be given by Deputy Armijo.

Defendant claims that the State should not have been allowed to call Elizabeth Mendez as a rebuttal witness. Defendant claims that the testimony should have been presented in the State's case in chief, and the State did not reveal Mendez as a witness

7

before calling her to testify. Defendant claims that the State called Mendez in order to gain a tactical advantage. As previously discussed, we review the admission of rebuttal testimony for abuse of discretion. *State v. Wilson*, 2001-NMCA-032, ¶ 39, 130 N.M. 319, 24 P.3d 351, *abrogated on other grounds by State v. Montoya*, 2005-NMCA-078, 137 N.M. 713, 114 P.3d 393. As explained in our calendar notice, testimony from Mendez was used to rebut Defendant's claim that another person caused the accident, and her testimony would not have been admissible in the State's case as directly bearing on Defendant's guilt. *See Wilson*, 2001-NMCA-032, ¶¶ 40-41. The district court did not abuse its discretion.

Defendant again claims that statements made during the State's rebuttal closing argument shifted the burden to Defendant to prove his innocence. We reviewed this argument under the standard for fundamental error. Defendant claims that the standard should be abuse of discretion because trial counsel informed appellate counsel that the issue was preserved for appeal. [MIO 10] Even when an issue of prosecutorial misconduct is properly preserved, we must determine whether the prosecutor's actions had such a persuasive and prejudicial effect on the jury's verdict that Defendant was deprived of a fair trial. *State v. Duffy*, 1998-NMSC-014, ¶ 46, 126 N.M. 132, 967 P.2d 807, *modified on other grounds by State v. Gallegos*, 2007-NMSC-007, 141 N.M. 185, 152 P.3d 828. We applied a similar standard when

addressing this issue in our calendar notice. We hold that Defendant has again failed to show that the statement made by the prosecutor had such a persuasive and prejudicial effect on the jury's verdict as to deny him a fair trial. We hold that the district court did not abuse its discretion.

For the reasons discussed in this opinion and in our calendar notice, we affirm.

**IT IS SO ORDERED.**

_____
**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

_____
**J. MILES HANISEE, Judge**