This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**JENNIFER T. HOFFMAN,**

    Petitioner-Appellee,

v.                                           **NO. 32,189**

**MICHAEL HOFFMAN,**

    Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF McKINLEY COUNTY**
**ROBERT A. ARAGON, District Judge**

Jennifer T. Hoffman
Gallup, NM

Pro se Appellee

Law Offices of David R. Jordan, P.C.
David R. Jordan
Gallup, NM

for Appellant

**MEMORANDUM OPINION**

**CASTILLO, Chief Judge.**

Appellant challenges the district court order denying his motion to modify the child custody timesharing arrangement. We issued a notice of proposed summary disposition proposing summary affirmance. Appellant has responded with a timely memorandum in opposition that we have duly considered. Remaining unpersuaded, we affirm.

Modification of custody arrangements is a matter entrusted to the sound discretion of the district court. *See Jeantete v. Jeantete*, 111 N.M. 417, 419, 806 P.2d 66, 68 (Ct. App. 1990). "Courts may modify a prior custody order whenever circumstances render such change proper and in furtherance of the child's best interests." *Id.* at 418, 806 P.2d at 67; *see also* NMSA 1978, § 40-4-7(G) (1997) (stating that the district court may modify a custody order whenever just and proper). Modification is proper on a showing of materially changed circumstances that affect the best interests of the child. *Jeantete*, 111 N.M. at 418, 806 P.2d at 67. "[T]o be a proper exercise of the trial judge's broad discretion in this area, the record must contain substantial evidence supporting the required finding that the modification furthers the best interests of the child." *Id.* at 419, 806 P.2d at 68.

As we noted in our notice of proposed summary disposition, Appellant's docketing statement does not contain a recitation of the evidence and testimony below

in support of the district court's ruling. In his memorandum in opposition, Appellant disagrees and points out facts that he cited in his docketing statement. [MIO 3-4] Appellant argues that Rule 12-208(D)(3) NMRA only requires summarized facts stated in a concise fashion. [MIO 2] *See id.* (providing that docketing statements must contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"). We understand that Appellant recited evidence and testimony in his docketing statement that did not support the district court's ruling. However, "[i]n this court's calendaring system, it is important to have all the facts, including those that support what the trial court did." *Loverin v. Debusk*, 114 N.M. 1, 1, 833 P.2d 1182, 1182 (Ct. App. 1992); *see also Thornton v. Gamble*, 101 N.M. 764, 769, 688 P.2d 1268, 1273 (Ct. App. 1984) ("[T]he docketing statement must state all facts material to the issues . . . [including] evidence [that] supports the [district] court's findings.").

We also noted in our notice of proposed disposition that Appellant did not appear to challenge the district court's findings of fact. Appellant states that this is incorrect, but does not indicate which, if any, of the district court's factual findings are error. [MIO 2] *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in

fact or law."). Appellant argues that, unless a case is assigned to the general calendar and he files a brief pursuant to Rule 12-213 NMRA, he is not required to make a specific challenge to the district court's factual findings. [MIO 4-5] We disagree. *See State ex rel. State Highway & Transp. Dep't v. City of Sunland Park*, 2000-NMCA-044, ¶ 15, 129 N.M. 151, 3 P.3d 128 (noting that the docketing statement takes the place of full briefing when a case is decided on the Court's summary calendar).

Appellant next argues that the district court and this Court failed to consider the best interests of the children. [MIO 5-6] We disagree. The district court's findings indicate that the current time sharing arrangement had been in place for the past six years and that the children were used to it. [RP 231] Matthew's counselor testified that he needed stability and routine. [RP 140, 235] Additionally, there was a complete lack of testimony that either Ryann's or Alyssa's best interests would be served by a change from the current timesharing arrangement. [RP 235] *See Schuermann v. Schuermann*, 94 N.M. 81, 82-83, 607 P.2d 619, 620-621 (1980) (stating that there is a strong presumption in favor of the original custody arrangement, and the party seeking to alter the status quo bears the burden of proving a change in circumstances). Appellant again points to testimony that both parents originally agreed that equal timesharing was in the best interests of the children, and

that there was expert testimony to support that. [MIO 5-7] However, as we pointed out in the notice of proposed disposition, the district court appears to have found this unpersuasive, as it was supported only by a general statement that any child would benefit from equal timesharing with parents, which was not particularized to Appellant's children or their circumstances. [RP 140, 233] *See, e.g.*, *Grant v. Cumiford*, 2005-NMCA-058, ¶¶ 14-20, 137 N.M. 485, 112 P.3d 1142 (illustrating that the courts are not required to adopt expert recommendations on custodial arrangements). Appellant also argues that there was no evidence that the current timesharing arrangement was in the best interests of the children. *But see Newhouse v. Chavez*, 108 N.M. 319, 324, 772 P.2d 353, 358 (Ct. App. 1988) (stating that the burden is on the party seeking modification to overcome presumption in favor of reasonableness of original decree). For these reasons, we reject Appellant's assertion that the district court failed to consider the best interests of the children in denying his petition to modify the custody arrangement.

Appellant next argues that the district court erred in determining that he failed to establish a material change in circumstances. [DS 6-7] Appellant argued below that he now has a different work schedule that can accommodate the time sharing arrangement that he seeks, and that he and Mother originally intended to have equal time sharing with the children. [DS 1-2; RP 121-123] However, the district court

found that although Appellant's work schedule changed in 2009, Appellant did not seek a modification in the time sharing arrangement on that basis until August 2011, three weeks after the court entered an order increasing his child support. [RP 236] In his memorandum in opposition, Appellant questions the relevance of the timing of his petition to modify the timesharing arrangement. [MIO 6-7] The timing of Appellant's petition appears to have been relevant to the district court's assessment of the materiality of any change in circumstances occasioned by Appellant's work schedule changing two years earlier. [RP 232-233] *See Jeantete*, 111 N.M. at 418, 806 P.2d at 67 (stating that modification is proper on a showing of materially changed circumstances that affect the best interests of the child). We find no abuse of discretion in the district court's determination that this did not constitute a material change in circumstances.

Finally, Appellant continues to argue that the district court did not properly consider evidence that Matthew was showing signs of emotional distress. [MIO 7] *See generally Normand ex rel. Normand v. Ray*, 109 N.M. 403, 408, 785 P.2d 743, 748 (1990) ("In determining the best interests of the children in child custody proceedings . . . [t]he court must evaluate . . . how well the child is developing physically, mentally and emotionally."). It appears that at the hearing, both parents testified that Matthew had experienced anxiety over returning to Mother's home

following a three-day period spent with Appellant during spring break in 2011 and that he had experienced anxiety over the switch from public school to a private school. [RP 232] There was testimony from Matthew's counselor that he was afraid of the physical structure of Mother's home. [RP 140, 232] However, Matthew's counselor also testified that his anxiety problems were being addressed by the parents and that he had adjusted to the change in schools. Matthew was doing well at the current school where his siblings attended, and he was making friends. [RP 232] Additionally, as noted before, Matthew's counselor testified that he needed stability in his routine. The district court found that Matthew was doing well with the current timesharing plan. [RP 235] Under these circumstances, we see no basis to determine that the district court abused its discretion in determining that the earlier anxiety experienced by Matthew was insufficient to establish a basis for modification of the custody arrangement. [RP 236]

For these reasons, we affirm.

**IT IS SO ORDERED.**

_____
**CELIA FOY CASTILLO, Chief Judge**

**WE CONCUR:**

_____

7

**LINDA M. VANZI, Judge**

_____

**J. MILES HANISEE, Judge**