This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-39604

**STATE OF NEW MEXICO ex rel.
CHILDREN, YOUTH & FAMILIES
DEPARTMENT,**

Petitioner-Appellee,

v.

**RUDY M.,**

Respondent-Appellant,

and

**EVALYN F., JAYSON R., and
WILLIAM R. II,**

Respondents,

**IN THE MATTER OF E.F.M., O.R.,
W.R. III, and T.S.,**

Children.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY
Grace B. Duran, District Judge**

Children, Youth & Families Department
Mary A. McQueeney, Acting Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Jennifer L. Munson
Las Cruces, NM

Guardian Ad Litem

## MEMORANDUM OPINION

**BOGARDUS, Judge.**

**{1}**     Father appeals from the district court's order terminating his parental rights to E.F.M. (Child). Unpersuaded by Father's docketing statement, we issued a notice of proposed summary affirmance. Father has responded to our notice with a memorandum in opposition and motion to amend. After due consideration, we remain unpersuaded that Father has demonstrated error, and we deny the motion to amend for the reasons set forth below. Accordingly, we affirm.

**{2}**     Father's memorandum in opposition does not explain what evidence was presented at the termination hearing relative to his challenges to the sufficiency of the evidence, despite the lengthy admonishment in our notice about the same omissions in the docketing statement. [CN 3-4] *See* Rule 12-12-208(D)(3) NMRA (providing that a docketing statement must contain "a concise, accurate statement of the case summarizing all facts material to a consideration of the issues presented"); *State v. Talley*, 1985-NMCA-058, ¶ 23, 103 N.M. 33, 702 P.2d 353 (observing that the docketing statement is intended to serve as a fair substitute for the complete record on the summary calendar). We stressed the importance of informing this Court about the evidence presented at the termination hearing, given that the record proper did not assist our understanding of that evidence. [CN 3-4] *See Loverin v. Debusk*, 1992-NMCA-023, ¶ 3, 114 N.M. 1, 833 P.2d 1182 ("In this court's calendaring system, it is important to have all the facts, including those that support what the trial court did."). Rather than supply us with an adequate recitation of the evidence presented at the termination hearing, Father's memorandum in opposition recounts what is contained in the record and raises concerns about the proceedings based solely on documents in the record or bald assertions. [MIO 5-12, 15-16, 18-19, 22] The memorandum in opposition asserts (1) there is no evidence in the record that Father understood the allegations in the abuse and neglect petition [MIO 10]; (2) some reports in the record indicate there was contact between Children, Youth & Families Department (CYFD) and Father during the proceedings, contrary to CYFD's COVID-19 screening reports [MIO 10]; (3) the treatment plan did not explain how Father was to achieve its stated goals [MIO 15-16]; and (4) CYFD filed a motion to terminate parental rights about three-and-a-half months after Child's adjudication of neglect as to Father [MIO 19]. Father also claims he was unable to engage services on his own due to COVID-19 closures. [MIO 16]

**{3}**     Father does not state what evidence was presented that he did not understand the allegations in the abuse and neglect petition, and the district court expressly found

otherwise. [3 RP 734] Also, Father does not explain what evidence was presented that he made any progress in his treatment plan or that he remained in contact with CYFD; nor does he explain what efforts CYFD made in the course of the proceedings, so that we may assess the sufficiency of those efforts. We also note that there were about ten months between the time of the adjudication and the termination of his parental rights [3 RP 557-62, 731-39], and Father refers us to no factual or legal support for his assertion that he was given three-and-a-half months to make progress on his treatment plan. Additionally, Father does not state what services he could not access and when, what testimony supports this assertion, and how CYFD responded.

{4}    Because Father's memorandum in opposition does not relate his concerns about the record to the evidence presented at the termination hearing, we cannot assess the relevance and importance of these assertions or the sufficiency of the evidence. As the appellant, Father must supply us with a complete understanding of the evidence presented at the hearing and explain why he believed that evidence was inadequate, not raise speculative concerns about the record or what the evidence may or may not have established. *See Aspen Landscaping, Inc. v. Longford Homes of N.M., Inc.*, 2004-NMCA-063, ¶¶ 28-29, 135 N.M. 607, 92 P.3d 53 (explaining that a party challenging a finding for lack of substantial evidence must refer to "all of the evidence, both favorable and unfavorable, followed by an explanation of why the unfavorable evidence does not amount to substantial evidence, such as is necessary to inform both the appellee and the Court of the true nature of the appellant's arguments"); *Martinez v. Sw. Landfills, Inc.*, 1993-NMCA-020, ¶ 18, 115 N.M. 181, 848 P.2d 1108 ("[A]n appellant is bound by the findings of fact made below unless the appellant properly attacks the findings, and . . . the appellant remains bound if he or she fails to properly set forth all the evidence bearing upon the findings."); *State v. Chamberlain*, 1989-NMCA-082, ¶ 11, 109 N.M. 173, 783 P.2d 483 (stating that where an appellant fails "to provide us with a summary of all the facts material to consideration of [his or her] issue, as required by [Rule 12-208(D)(3)], we cannot grant relief on [that] ground"). As a result of Father's failure to satisfy his burden on appeal to supply this Court with adequate information, he has not demonstrated error. *See State v. Aragon*, 1999-NMCA-060, ¶ 10, 127 N.M. 393, 981 P.2d 1211 (stating that we presume correctness in the trial court's rulings and the burden is on the appellant to demonstrate trial court error); *State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (providing that a party responding to a summary calendar notice must come forward and specifically point out errors of law and fact, and the repetition of earlier arguments does not fulfill this requirement), *superseded by statute as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374.

{5}    Father's motion to amend the docketing statement seeks to add the issue of whether there was full compliance with the Indian Child Welfare Act of 1978 (ICWA), 25 U.S.C. §§ 1901 to 1963. [Motion to Amend 2] Father's MIO articulates the issue as follows: "The record proper lacks sufficient information to establish that [CYFD] complied with ICWA when noticing the Okeechobee Tribe." [MIO 19] Again, Father raises speculative concerns about the record, asking us to investigate his concerns, rather than explaining what was presented in district court and why it was insufficient. This speculation does not demonstrate a viable issue for purposes of amending the

docketing statement, nor does it comply with our standards for granting such a motion. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91 (explaining that this Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error); *State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309 (explaining when we will grant a motion to amend, including the presentation of all facts material to a consideration of the new issue sought to be raised).

**{6}** Also, the record shows that on May 23, 2019, CYFD sent an ICWA notice, relating to Child's ICWA status, which states that the notice was given to Seminole Tribe of Florida by certified mail, return receipt requested, and explains that the tribe has the right to petition the court for transfer to tribal court or may participate in proceedings. [2 RP 274] Father does not explain why this notice falls short of ICWA requirements. *See* 25 U.S.C. § 1912(a) ("In any involuntary proceeding in a State court, where the court knows or has reason to know that an Indian child is involved, the party seeking the foster care placement of, or termination of parental rights to, an Indian child shall notify the parent or Indian custodian and the Indian child's tribe, by registered mail with return receipt requested, of the pending proceedings and of their right of intervention."). Additionally, in its order terminating Father's parental rights, the district court found that Child is not subject to ICWA. [3 RP 732] Because Father does not properly attack this finding with an explanation of the evidence presented, he does not satisfy our requirements for granting the motion to amend or demonstrate a viable issue. *See Aspen Landscaping, Inc.*, 2004-NMCA-063, ¶¶ 28-29; *Moore*, 1989-NMCA-073, ¶¶ 36-51; *Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17. Accordingly, we deny the motion to amend.

**{7}** For the reasons set forth in this opinion and in our notice, we affirm the district court's order terminating Father's parental rights.

**{8}** **IT IS SO ORDERED.**

**KRISTINA BOGARDUS, Judge**

**WE CONCUR:**

**SHAMMARA H. HENDERSON, Judge**

**JANE B. YOHALEM, Judge**