This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-42040**

**DANETTE PHILLIPS,**

Petitioner-Appellee,

v.

**JASON W. PARKER,**

Respondent-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**James M. Hudson, District Court Judge**

Law Offices of R. Matthew Bristol
Robert M. Bristol
Roswell, NM

for Appellee

Jason W. Parker
Roswell, NM

Pro Se Appellant

## MEMORANDUM OPINION

**HENDERSON, Judge.**

**{1}** Respondent (Father) appeals from the district court's order modifying custody. We issued a notice of proposed summary disposition proposing to affirm. Respondent has responded with a timely memorandum in opposition, which we have duly considered. We remain unpersuaded that our initial proposed disposition was incorrect, and we therefore affirm the district court.

**{2}** Respondent continues to assert that Mother and Child lied about him in the proceedings below and the district court improperly did not require them to provide proof

of their false allegations. [unnumbered MIO 4-5, 6-7] As explained in the notice of proposed summary disposition, however, claims that witnesses lied provide no basis for reversal because "it is a matter for the trier of fact to weigh the evidence, determine the credibility of witnesses, reconcile inconsistent statements, and decide the true facts." *Sanchez v. Molycorp, Inc.*, 1985-NMCA-067, ¶ 21, 103 N.M. 148, 703 P.2d 925. When the district court hears conflicting evidence, "we defer to its determinations of ultimate fact, given that we lack opportunity to observe demeanor, and we cannot weigh the credibility of live witnesses." *Skeen v. Boyles*, 2009-NMCA-080, ¶ 37, 146 N.M. 627, 213 P.3d 531; *see Hough v. Brooks*, 2017-NMCA-050, ¶ 41, 399 P.3d 387 ("This Court will not reweigh evidence on appeal or substitute our judgment for that of the district court."). We therefore must reject these assertions of error.

**{3}** To the extent Father asserts that the district court's factual findings in support of its order modifying custody were not supported by the evidence, we note that Father has not provided this Court with a complete statement of the evidence presented below, either in his docketing statement or his memorandum in opposition. [unnumbered MIO 4-5] *See* Rule 12-208(D)(3) (stating that the docketing statement shall contain a complete recitation of all facts material to a consideration of the issues raised); *Loverin v. Debusk*, 1992-NMCA-023, ¶ 3, 114 N.M. 1, 833 P.2d 1182 ("In this [C]ourt's calendaring system, it is important to have all the facts, including those that support what the trial court did."). We therefore cannot entertain any challenge to the sufficiency of the evidence on appeal. *See Crutchfield v. N.M. Dept. of Tax'n and Revenue*, 2005-NMCA-022, ¶ 17, 137 N.M. 26, 106 P.3d 1273 (recognizing that where an appellant fails to include the substance of all evidence bearing on a proposition, this Court will not consider a challenge to the sufficiency of the evidence).

**{4}** Father also continues to argue that Mother and her family have made false allegations about him to various governmental agencies in an attempt to weaponize those agencies against him. [unnumbered MIO 5-6] Father additionally contends that the various governmental agencies are aware of Mother's conduct, but have failed to take any action. [unnumbered MIO 5-6] Father also reasserts a litany of criminal offenses and civil rights violations that he claims he was subjected to as a result of false allegations made against him by Mother and Child and the failure of law enforcement and the district court to act. [unnumbered MIO 8-12] These contentions, however, provide no basis for reversal of the district court's custody order. The sole issue before the district court was whether the then-existing custody arrangement was in Child's best interests. *See Schuermann v. Schuermann*, 1980-NMSC-027, ¶ 4, 94 N.M. 81, 607 P.2d 619 ("[T]he controlling inquiry of the [district] court in settling any custody dispute is the best interests of the child."); *see also Hough v. Brooks*, 2017-NMCA-050, ¶ 28, 399 P.3d 387 ("The guiding principle in child custody determinations is the best interests of the child."). Whether Father had been wronged by various governmental entities or others was not an issue being decided by the district court. Such issues are therefore not before us in this appeal. *See In re Adoption of Doe*, 1976-NMCA-084, ¶ 4, 89 N.M. 606, 555 P.2d 906 (recognizing that matters that were not ruled on by the trial court are not before this Court on appeal).

**{5}** For these reasons and those set out in our notice of proposed summary disposition, we affirm the district court.

**{6}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JENNIFER L. ATTREP, Chief Judge**

**GERALD E. BACA, Judge**